UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00076-SNLJ |
| ) | |
| MONIKA GRAY-EL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER FOR SUMMARY REMAND

This matter comes before the Court on Defendant Monika Gray-El's filing a Notice of Removal. ECF No. 1. For the reasons discussed below, Defendant's request to remove her ongoing criminal cases from the Circuit Court in New Madrid County, Missouri must be denied, and this action will be remanded.

### Background

Defendant is a self-represented litigant who is currently incarcerated at the Cape Girardeau County Jail in Jackson, Missouri. She is awaiting trial on based on one count of burglary and one count of stealing in *State v. Mitchell*, No. 21NM-CR00607-01. She is also awaiting trial based on one count of stealing in *State v. Mitchell*, No. 21NM-CR00612-01.

### Defendant's Action

On May 7, 2025, Defendant filed the instant action requesting removal of her ongoing criminal cases to the United States District Court for the Eastern District of

Missouri. ECF No. 1. She asserts that she is being denied equal civil rights protections due to judicial prejudice. She alleges violations to: Article Six of the Constitution, the Fourteenth Amendment, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 57, Chapter 527 of the Revised Statutes of Missouri, and Section 217.450 - 217.520 of the Revised Statutes of Missouri. *Id.* at 2-3. Defendant claims the "merits and evidence exhibited to the state courts constitut[e] an immediate need to remove and dispose of the case." *Id*. at 6.

## Discussion

### A. Removal to Federal Court

Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Federal law provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

2

To remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Regarding the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id*. As to the second prong, "[t]his provision normally requires that the denial be manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id*.

Defendant has not satisfied either prong of this test. Defendant essentially admits that she cannot fulfill the first prong, suggesting instead that the Supreme Court was wrong to focus on "racial discrimination," and the Court should not require her to prove such. ECF No. 1 at 3-4. She says that to the extent she does need to show racial discrimination, she fulfills that requirement by being a member of the human race. *Id.* at 4. While Defendant spends significant portions of her removal request analyzing statutes and case law, she fails to provide any factual detail on how she is being denied her rights under the law. Her broad and conclusory allegations do not show the denial of any right, much less demonstrate that her allegedly denied rights arose under a specific civil rights law stated in terms of racial equality, or that the Circuit Court of New Madrid County cannot enforce her federal rights.

3

Generally, the vindication of a defendant's federal rights is left to the state courts except in rare situations. Under 28 U.S.C. § 1443(1), a defendant's state criminal case should remain in state court unless "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson*, 421 U.S. at 220. This is not one of those rare cases that warrants removal. Aside from Defendant's unsupported assertions, there is nothing to establish that she cannot enforce her federal rights in state court, which is required for removal under 28 U.S.C. § 1443(1). *See e.g., State of Missouri v. Johnson*, No. 4:21-cv-00731-NAB (E.D. Mo. July 22, 2021), summarily *aff'd, State of Missouri v. Johnson*, No. 21-2668 (8th Cir. 2021) (dismissing defendant's request to remove ongoing criminal case for failure to meet § 1443 requirements).

Finally, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816. In this case, 28 U.S.C. § 1443(2) is inapplicable, because Defendant provides no indication that anyone involved is a federal officer or person assisting a federal officer in the performance of official duties.

**B. Remand to State Court**

Defendant has filed a request to remove her criminal case from the Circuit Court of New Madrid County, Missouri to this Court. For the reasons discussed above, the Court must deny this request. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an

order for summary remand." 28 U.S.C. § 1455(b)(4). Therefore, the Court remands this matter back to the Circuit Court of New Madrid County, Missouri.

### C. Motion for Leave to Proceed In Forma Pauperis

Lastly, defendant has filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** back to the Circuit Court of New Madrid County, Missouri, *State v. Mitchell*, Nos. 21NM-CR00607-01 and 21NM-CR00612-01 (34th Jud. Cir., New Madrid County).

**IT IS FURTHER ORDERED** that to the extent defendant seeks relief under 42 U.S.C. § 1983 those claims are **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this 24th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE